Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
317 Court St. NE, Ste. 202
Salem, OR 97301
(503) 917-4409 Phone
(916) 857-6902 Facsimile
Attorney for Plaintiff


# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF OREGON
# PORTLAND DIVISION

| | | |
|---|---|---|
| KIM VAN EATON, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | **Complaint for Damages and** |
| | ) | **Declaratory Relief for Religious** |
| | ) | **Discrimination in Violation of** |
| v. | ) | **Title VII [42 U.S.C. § 2000e-2]** |
| | ) | **and ORS 659A.030(1)(a) and** |
| | ) | **Aiding and Abetting Religious** |
| | ) | **Discrimination in Violation of** |
| CASCADIA BEHAVIORAL | ) | **ORS 659A.030(1)(g)** |
| HEALTH, INC., and BUKHOSI | ) | |
| DUBE, an individual, and DOES 1- | ) | |
| 50, inclusive, | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, KIM VAN EATON, hereby alleges as follows:

## PARTIES

1.  Plaintiff, KIM VAN EATON [hereinafter "VAN EATON"], was

employed by Defendant CASCADIA BEHAVIORAL HEALTH, INC.

("CASCADIA"). At all times relevant herein, VAN EATON was an employee protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* and is a member of a protected class based on her religion.

2.  Defendant CASCADIA is, and at all times relevant herein was, an employer as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

3.  Defendant BUKHOSI DUBE [hereinafter "DUBE"] is, and at all times relevant herein was, CASCADIA's Chief Medical Officer and Health Integration Officer, the person primarily responsible for making the decision to fire personnel who were not vaccinated against COVID-19 regardless of the employee's sincerely held religious beliefs and previously granted religious accommodation.

4.  The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-50, inclusive, are unknown to VAN EATON at this time, who therefore sues said Defendants by such fictitious names. VAN EATON is informed and believes and thereon allege that each of the fictitiously named Defendants is in some way responsible for, or participated in or contributed to, the matters and things complained of herein, and is legally responsible in some manner. VAN EATON will seek leave to amend this Complaint when the true names, capacities, and responsibilities have been ascertained.

## JURISDICTION & VENUE

5.  This action arises under the laws of the United States, specifically 21 U.S.C. § 360bbb-3 and 42 U.S.C. § 2000e, *et seq*. This action also arises under the laws of the State of Oregon, specifically the Oregon Unlawful Discrimination in Employment Act, ORS 659A.030(1)(a) and (g).

6.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

7.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

8.  This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure.

9.  This Court is authorized to grant Plaintiff's prayer for relief regarding damages pursuant to Rule 54 of the Federal Rules of Civil Procedure and the supplementary laws of the State of Oregon, as applicable under Fed. R. Civ. P. 69.

## FACTUAL ALLEGATIONS

10.  Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

11.   CASCADIA hired VAN EATON as a Peer Wellness Specialist on December 10, 2012. CASCADIA subsequently promoted VAN EATON twice; first to Program Supervisor and then to Program Manager. VAN EATON had an exemplary employment record.

12.   VAN EATON is a practicing Christian who was employed by CASCADIA as a Program Manager at CASCADIA'S Garlington Health Center in Portland, Oregon until her termination on November 18, 2021.

13.   As Program Manager, VAN EATON did not meet with medical patients, as she was not a medical professional. The Program Manager position VAN EATON was in served individuals with mental health and addiction challenges, not individuals seeking medical services.

14.   During the COVID-19 pandemic, VAN EATON was committed to the well-being of co-workers, clients, staff, vendors, and community partners. VAN EATON took precautions to prevent herself from contracting and spreading COVID-19 to others. VAN EATON wore masks and plastic face shields, washed her hands, practiced social distancing, and worked from home when needed.

15.   In August 2021, at the height of the COVID-19 pandemic (the "Pandemic"), Oregon Governor Kate Brown ("Gov. Brown") sought to limit the spread of the potentially deadly coronavirus in the state's healthcare facilities by issuing an executive order (the "Mandate") requiring healthcare workers statewide

to be vaccinated against COVID-19 by October 18. *See* Or. Admin. R. 333-019-1010. However, Gov. Brown's Mandate allowed healthcare workers to seek, and the healthcare providers who employed them to grant, exemptions from the vaccination requirement. *Id.*, subsections (3)-(4).

16.   In accordance with Gov. Brown's Mandate, CASCADIA implemented a policy [hereinafter the "POLICY"] which required all of its employees to be vaccinated against COVID-19 by October 18, 2021, or to submit for and be approved of an exemption.

17.   On September 13, 2021, in accordance with CASCADIA'S POLICY, VAN EATON sought a religious accommodation to the COVID-19 vaccines by submitting the required COVID-19 Vaccine Religious Exception Request Form to CASCADIA. *See* Attached **Exhibit "A."**

18.   By submitting the Vaccine Religious Exception Request Form, VAN EATON informed CASCADIA that she was unable to receive the mandated COVID-19 vaccine because receiving the COVID-19 vaccine would conflict with her sincerely held religious beliefs.

19.   According to CASCADIA, CASCADIA "did not question or otherwise doubt the sincerity of Ms. Van Eaton's religious convictions." *See* Attached **Exhibit "B"** [a copy of the position statement CASCADIA submitted to the Equal Employment Opportunity Commission ("EEOC")].

20. In a letter dated September 17, 2021, CASCADIA's People and Culture Operations Director, Heather Albert, granted VAN EATON'S religious exception request, stating that beginning October 18, 2021, VAN EATON would have to test weekly, double mask, and wear goggles at all times. *See* Attached **Exhibit "C."**

21. VAN EATON was ready, willing, and able to meet the accommodation requirements as outlined in the September 17, 2021, letter.

22. Between September 17, 2021, and October 6, 2021, VAN EATON continued taking the same precautions she had taken previously to protect against contracting or spreading the COVID-19 virus.

23. Sometime between the issuance of the September 17, 2021, letter and October 6, 2021, CASCADIA hired DUBE as its new Chief Medical and Health Integration Officer. Once DUBE settled into his new role as CASCADIA's Chief Medical Officer, DUBE determined that all client/patient-facing unvaccinated employees who sought and were granted exemptions from the COVID-19 POLICY must become vaccinated or face termination.

24. On October 6, 2021, in a letter from CASCADIA'S Chief People Officer, Alana Silverman, wrote to VAN EATON stating that CASCADIA could no longer accommodate VAN EATON'S sincerely religious beliefs. CASCADIA stated that "we recognize the risk is too great to those we serve." *See* Attached **Exhibit "D"** [a copy of Ms. Silverman's letter to VAN EATON].

25. CASCADIA "encouraged" VAN EATON to "reevaluate [her] exemption and consider receiving the COVID19 vaccine." *See* Ex. "D."

26. CASCADIA encouraged VAN EATON to reach out to DUBE with questions concerning the vaccine. *See* Ex. "D."

27. In the October 6, 2021, letter, CASCADIA gave VAN EATON notice that she would be placed on unpaid leave starting October 18, 2021, through November 18, 2021, during which time VAN EATON was to secure another job with CASCADIA that was not patient/client-facing or be terminated.

28. CASCADIA made no attempts to engage in the interactive process with VAN EATON to accommodate her sincerely held religious beliefs.

29. VAN EATON applied for several non-patient/client-facing positions, but ultimately was unable to secure another position prior to November 18, 2021.

30. In a November 15, 2021, letter, CASCADIA informed VAN EATON of her termination, stating that "[s]ince you have not secured another position with Cascadia and you have decided not to receive the vaccine, we will need to move forward with your separation as of Thursday November 18, 2021." *See* Attached **Exhibit "E"** [a copy of the November 15, 2021 letter to VAN EATON].

31. On November 17, 2021, VAN EATON submitted a letter to CASCADIA appealing the denial of a reasonable accommodation to the COVID-19 POLICY. *See* Attached **Exhibit "F"** [a copy of VAN EATON's appeal letter].

32.     VAN EATON notified CASCADIA that vaccinated people, according to the CDC website, experience vaccine breakthrough infections and "are also a risk at spreading the COVID-19 virus. So, it seems everyone is a risk. Vaccine Breakthrough Infections: The Possibility of Getting COVID-19 after Getting Vaccinated (cdc.gov) yet still creating a risk." *See* Ex. "F."[1]

33.     VAN EATON again notified CASCADIA that requiring her to receive the COVID-19 conflicted with her sincere religious beliefs. VAN EATON stated, "[a]sking me to reevaluate my exemption is questioning my sincerely held religious belief.  You are asking me to do something that goes against my religious convictions before God and to do so would violate my belief." *See* Ex. "F."

34.     CASCADIA terminated VAN EATON on November 18, 2021, for her refusal to take the COVID-19 vaccine based on her sincere religious beliefs.

35.     In a letter dated December 2, 2021, to VAN EATON, Defendant DUBE affirmed CASCADIA'S decision to refuse a religious accommodation to VAN EATON because her position as Project Manager was client/patient-facing. *See* Attached **Exhibit "G"** [a copy of DUBE's December 2, 2021 letter].

36.     VAN EATON timely filed a Charge of Discrimination with the EEOC on or about January 24, 2022.

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (updated June 23, 2022).

37. On February 24, 2022, CASCADIA filed its Position Statement, and VAN EATON filed a Rebuttal Statement on April 10, 2022. *See* Attached **Exhibits "B"** and **"H"** [a copy of VAN EATON's Rebuttal Statement].

38. On September 9, 2022, the EEOC issued a Determination and Notice of Rights, granting VAN EATON the right to sue CASCADIA in federal court. *See* Attached **Exhibit "I"** [a copy of VAN EATON's right-to-sue letter].

39. Attached hereto as **Exhibit "J"** is a copy of a printout from the website TimeandDate.com showing that VAN EATON has timely filed the herein lawsuit within the 90-day window set forth in her right-to-sue letter.

<u>**FIRST CAUSE OF ACTION:**</u>
**Violation of Title VII**
**[42 U.S.C. § 2000e-2]**
**Against Defendant CASCADIA**

40. VAN EATON refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

41. Title VII of the 1964 Civil Rights Act prohibits employers from discriminating on the basis of religion. 42 U.S.C. § 2000e-2(a)(1).

42. For purposes of Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year …" 42 U.S.C. § 2000e(b).

43. Defendant CASCADIA qualifies as an employer under Title VII.

44.     The term "religion," for purposes of Title VII, "includes all aspects of religious observance and practice, as well as belief …" 42 U.S.C. § 2000e(j).

45.     As a practicing Christian, VAN EATON belongs to a class of persons protected under Title VII.  42 U.S.C. § 2000e-2(a)(1).

46.     VAN EATON has a bona fide religious belief that she cannot defile her body by taking the COVID-19 vaccine.

47.     VAN EATON has a bona fide religious belief that if she were to receive the COVID-19 vaccine, she would be sinning against God and would suffer the consequence of being disobedient to His guidance.

48.     VAN EATON'S bona fide religious belief against taking the COVID-19 vaccine conflicted with CASCADIA'S employment-related duty to receive a COVID-19 vaccine in accordance with Gov. Brown's Mandate.

49.     VAN EATON informed her employer, Defendant CASCADIA, of the conflicts between her religious beliefs and her employment-related duties.  *See* Exs. "A" and "F."

50.     Defendant CASCADIA subjected VAN EATON to discriminatory treatment by subjecting her to three adverse employment actions: (1) Threatening to place her on unpaid leave and ultimately terminating her employment if she did not receive a vaccine [*see* Ex. "D"]; (2) placing her on unpaid leave on October 18, 2021; and (3) terminating her employment on November 18, 2021 [*see* Ex. "E"].

51.     Defendant CASCADIA made no attempt to accommodate VAN EATON'S sincere religious beliefs, nor did CASCADIA assert to VAN EATON that CASCADIA would incur undue hardship by accommodating her beliefs. CASCADIA simply attempted to justify its denial of VAN EATON'S religious exemption request by asserting that the "risk was too great" to those CASCADIA serves – a dubious assertion given that CASCADIA was originally willing to grant VAN EATON a religious accommodation.  Exs. "C" and "D."

52.     Defendant CASCADIA could and should have provided reasonable accommodations for VAN EATON's sincerely held religious beliefs, as accommodations that would have allowed VAN EATON to continue working while significantly limiting the likelihood of spreading COVID-19 were available. Such accommodations included what CASCADIA had offered to VAN EATON in its original letter granting VAN EATON'S religious exemption request: requiring VAN EATON to wear masks, submit to weekly COVID-19 testing, wear goggles, and in addition to social distancing from clients and fellow employees when possible.  Ex. "C."  CASCADIA revoked these accommodations, opting to take adverse employment actions against VAN EATON instead.

53.     Religious discrimination is truly what motivated Defendant CASCADIA to get rid of VAN EATON, any assertion CASCADIA might make to the contrary notwithstanding.

54. Based on the foregoing, Defendant CASCADIA has discriminated against VAN EATON in violation of Title VII.

## SECOND CAUSE OF ACTION:
### Violation of State Law Prohibiting Religious Discrimination
### [ORS 659A.030(1)(a)]
### Against Defendant CASCADIA

55. Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

56. Like Title VII, ORS 659A.030(1)(a) prohibits employers from discharging individuals from employment on the basis of the individuals' religion, as Defendant CASCADIA has done here.

57. Because Oregon's state law prohibiting employers from discriminating on the basis of religion is modeled after Title VII, and because the analysis for religious discrimination claims under both statutes is identical [*see Hedum v. Starbucks Corp.*, 546 F. Supp. 2d 1017, 1022 (D. Or. 2008)], VAN EATON declines to restate the facts as set forth in her first cause of action, as those facts are already incorporated as though fully set forth herein.

58. Under 42 U.S.C. § 2000e-7, nothing in 42 U.S.C. § 1981a(b)(3), which caps the amount of non-pecuniary and punitive damages that can be awarded to Plaintiff, "shall be deemed to exempt or relieve any person from liability, duty, penalty, or punishment provided by any present or future law of any

State[.]" In other words, an Oregon jury is free to exceed any applicable federal dollar limit in accordance with Oregon law.

59.     ORS 659A.885(3) allows for punitive damages against employers such as Defendant CASCADIA who violate ORS 659A.030(1)(a).  Oregon law places no cap on punitive damages.  *See Smith v. Ethicon, Inc.*, 2022 U.S. Dist. 98543 at *2 (D. Or. June 2, 2022).

60.     Based on the foregoing, in addition to violating Title VII, Defendant CASCADIA has violated ORS 659A.030(1)(a).

<u>**THIRD CAUSE OF ACTION**</u>
**Violation of ORS 659A.030(1)(g)**
**Against Defendant DUBE**

61.      Plaintiff refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

62.     ORS 659A.030(1)(g) prohibits any person from aiding and abetting an employer from engaging in employment discrimination.

63.     In his role as Defendant CASCADIA'S Chief Medical Officer, Defendant DUBE acted in concert with, or gave substantial assistance to, CASCADIA to unlawfully discriminate against VAN EATON on account of VAN EATON'S religion.  DUBE did this knowing that CASCADIA, as VAN EATON'S employer, could not lawfully discriminate against VAN EATON.

64.     Because Defendant CASCADIA carried out its religious discrimination against VAN EATON with Defendant DUBE'S assistance, DUBE should be held individually and personally liable for his conduct. The same goes for any yet-to-be-identified persons whom Plaintiff later learns aided and abetted the CASCADIA'S religious discrimination against Plaintiff – hence, the inclusion of DOES 1-50 as defendants in the herein proceeding.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### **ON ALL CAUSES OF ACTION:**

1.     For economic damages in an amount according to proof at trial;

2.     For non-economic damages in an amount according to proof at trial;

3.     For punitive damages in an amount according to proof at trial;

4.     For attorney's fees and costs associated with bringing and maintaining this action in accordance with the law; and

5.     For such other and further relief as the Court may deem proper.

Dated: December 8, 2022             PACIFIC JUSTICE INSTITUTE
                                    __/s/ RAY D. HACKE_____
                                    Ray D. Hacke
                                    Attorney for Plaintiff
                                    KIM VAN EATON

# PROOF OF SERVICE

I am employed in the County of Marion, State of Oregon. I am over the age of eighteen and not a party to the within action; my business address is 1850 45th Ave., Suite 33, Salem, OR 97305.

On or about December 8, 2022, I served the following documents on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed to said parties:

**COMPLAINT FOR DAMAGES FOR RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII [42 U.S.C. § 2000e-2] AND ORS 659A.030(1)(a)**

## PLEASE SEE ATTACHED SERVICE LIST

_____BY MAIL: I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same date with postage thereon fully prepaid at Salem, Oregon in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the office of the addressee(s).

_____BY FACSIMILE TRANSMISSION: The facsimile machine I used complied with California Rules of Court 2003(3) and no error was reported by the machine. Pursuant to rule 2005(i), I caused the machine to print a record of the transmission, a copy of which is attached to this proof of service.

_____(State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__(Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 8, 2022, at Salem, Oregon.

*/s/ LAUREN PEFFERLE*
Lauren Pefferle

## SERVICE LIST

Derald R. Walker
President & Chief Executive Officer
Cascadia Health
3036 NE Martin Luther King Jr. Blvd.
Portland, OR 97212

Bukhosi Dube
Chief Medical Officer
Cascadia Health
3036 NE Martin Luther King Jr. Blvd.
Portland, OR 97212

# EXHIBIT "A"



# COVID-19 Vaccine Religious Exception Request Form

I am requesting an exception from the COVID-19 vaccination on the basis of a sincerely held religious belief.

| Individual's name: KIM | VAN EATON | Date of birth: 08/29/1964 |
|---|---|---|
| Phone number: 5038759504 | | |
| Employer/Organization: Cascadia Behavioral Healthcare | | Job Title/Position: Program Manager I |

## Please check the boxes below as appropriate and complete related questions:

X | Receiving the COVID-19 vaccination conflicts with my religious observances, practices or beliefs as described below.

Please describe your religious belief and how it affects your ability to receive a COVID-19 vaccination

I am requesting an exception from the COVID-19 vaccination on the basis of my sincerely held religious belief.
My Religious beliefs come from the Holy Bible and the leading of the Holy Spirit. According to scripture it says to "Trust in the LORD with all your heart and lean not on your own understanding; In all your ways acknowledge Him, And He shall direct your paths (Proverbs 3:5-6).
Through prayer I seek personal guidance from the Holy Spirit, "But the Helper, the Holy Spirit, whom the Father will send in My name, He will teach you all things, and bring to your remembrance all things that I said to you (John 14:26).
Based on that guidance I am reminded, "Do you not know that your body is a temple of the Holy Spirit, who is in you, whom you have received from God? You are not your own; you were bought at a price. Therefore, honor God with your bodies. (1 Corinthians 6:19-20).
This is my daily religious practice to guide me in making decisions. I trust those insights given to me because they are from God. This is my spiritual act of worship. I am honoring God with my body in this decision. By not doing so, I believe I am sinning against God and will suffer the consequence of being disobedient to His guidance.
Therefore, I am confident that all the COVID-19 vaccines are not right for me, and my body based on my religious conviction before God.

| Signature: ee_A2ZS5d8d31988c736_805057 | Date: 09/13/2021 |
|---|---|

I certify the above information to be true and accurate and that I sincerely hold the religious beliefs described above.

Please note that if your exception request is approved, you may be required by your employer or other responsible party to take additional steps to protect you and others from contracting and spreading COVID-19. Workplaces are not required to provide this exception accommodation if doing so would pose a direct threat to the excepted individual or others in the workplace or would create an undue hardship.

**Document accessibility:** For individuals with disabilities or individuals who speak a language other than English, OHA can provide information in alternate formats such as translations, large print, or braille. Contact the Health Information Center at 1-971-673- 2411, 711 TTY or COVID19.LanguageAccess@dhsoha.state.or.us.

# EXHIBIT "B"



200 SW Market Street, Suite 1900, Portland, Oregon 97201
*ph* 503.248.1134  *tf* 866.551.6939  *f* 503.224.8851  www.bullardlaw.com

February 24, 2022

**VIA EMAIL**

Annalie Greer
EEOC
Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 981047-1061
annalie.greer@eeoc.gov

Re:    Complainant: Kim M. Van Eaton
       Respondent: Cascadia Behavioral Healthcare, Inc.
       EEOC Case #551-2022-01417

Dear Ms. Greer:

Please accept the following as the response of Cascadia Behavioral Healthcare, Inc. ("Cascadia") to the complaint filed by Ms. Kim M. Van Eaton, a former employee at Cascadia. As you know, Ms. Van Eaton has alleged in her complaint that Cascadia discriminated against her based on her religion. As more fully described below, Cascadia has not unlawfully discriminated Ms. Van Eaton for any reason. Consequently, the EEOC should dismiss the complaint without further investigation.

## I.    FACTUAL BACKGROUND

### A.    Cascadia Behavioral Healthcare.

Cascadia is the largest community-based behavioral health and substance use treatment services organization in the state of Oregon. Cascadia employs over 900 dedicated employees, operates more than 75 locations in Clackamas, Lane, Multnomah and Washington counties, serves over 18,000 lives each year and supports more than 730 people in recovery in permanent homes. It provides an array of services to support its mission: Cascadia Behavioral Healthcare delivers whole health care – integrated mental health and addiction services, primary care, and housing – to promote hope and support the well-being of the communities we serve.

Cascadia creates hope and opportunity for people with who experience medical and mental health challenges, as well as addiction issues and houselessness, blending innovation and determination with competence and compassion. Cascadia's services include behavioral health treatment, addiction treatment, primary care, affordable and permanent supportive housing, facility-based living, community supports and crisis services.



Cascadia maintains policies against discrimination and harassment and complies with federal and state law prohibiting discrimination based on religion. The policies also provide a complaint procedure for employees who feel that they have been the subject of improper discrimination. Complaints of discrimination are promptly investigated and resolved by Cascadia's People and Culture Department.

**B.**     **Ms. Van Eaton's Employment with Cascadia.**

Cascadia hired Ms. Van Eaton on December 10, 2012 as a Peer Wellness Specialist. Ms. Van Eaton was subsequently promoted twice to a Program Supervisor I and then promoted to a Program Manager I. In her role as Program Manager I, Ms. Van Eaton worked at Cascadia's Garlington Health Center in Portland, Oregon until her employment ended on November 18, 2021.

**C.**     **On August 19, 2021, Governor Brown Mandated that all Healthcare Workers Must be Fully Vaccinated against Covid-19 by October 18, 2021.**

On August 19, 2021, Oregon Governor Brown issued a mandate requiring all employees in healthcare organizations, including Cascadia, to be fully vaccinated against Covid-19 on or before October 18, 2021. (Exhibit 1) Cascadia implemented a Covid Vaccination Policy consistent with the Governor's mandate and OHA regulation. (Exhibit 2) (Exhibit 3)

**D.**     **On September 13, 2021, Ms. Van Eaton Requested a Religious Exemption to the Covid-19 Vaccination Mandate but Cascadia's New Chief Medical Officer Determined Unvaccinated Employees in Patient Facing Positions Pose Too Great a Risk to Cascadia's Vulnerable Patient Population.**

On September 13, 2021, Ms. Van Eaton requested a religious exemption to the Covid-19 vaccination mandate. Cascadia did not question or otherwise doubt the sincerity of Ms. Van Eaton's religious convictions.

At the time of Ms. Van Eaton's request, Cascadia was in the process of hiring a new Chief Medical Officer, Dr. Bukhosi Dube. Once settled into his new role, Dr. Dube determined that all client/patient facing positions needed to be fully vaccinated – regardless of exemption request – because Cascadia's clients are especially vulnerable and at great risk for medical complications and severe illness presented by the novel Covid-19 virus. As noted above, Cascadia provides care to the community's most vulnerable residents and is a safety net healthcare provider. An unvaccinated employee may pose a direct threat to a vulnerable client. Therefore, after careful review of the safety and health of its clients, Dr. Dube determined that it



was too great of a risk to allow an unvaccinated employee to engage directly with clients in person.

**E.    On October 6, 2021, Cascadia Denied Ms. Van Eaton's Religious Exemption but Invited Her to Apply to Non-Client Facing Positions.**

As a result of Dr. Dube's decision, Cascadia denied Ms. Van Eaton's religious accommodation. Cascadia informed Ms. Van Eaton of this decision on October 6, 2021, via memorandum from Alana Silverman, Cascadia's Chief People Officer. Ms. Silverman explained that Ms. Van Eaton's request for a religious accommodation could not be granted for her specific position because it is a client/patient facing position, and invited Ms. Van Eaton to apply and be considered for positions for which she was qualified and which were not client/patient facing. Ms. Silverman informed Ms. Van Eaton that she would have one month (or approximately six weeks from the date of her memorandum) following the Governor's order to secure a position.

Consistent with the denial memorandum, Cascadia's Covid-19 Vaccination Policy, and the deadline for the Governor's mandate, on October 18, 2021, Cascadia placed Ms. Van Eaton on a leave of absence. During the leave of absence, Cascadia continued Ms. Van Eaton's health benefits and allowed her to use accumulated paid time off.

While on leave, Ms. Van Eaton applied to two client/patient facing positions. Unsurprisingly, Cascadia rejected those applications as she was not qualified for either role given her vaccination status. Ms. Van Eaton also applied to a recruiter role, but she had no experience related to this position. While Cascadia phone screened her for this position, a more qualified internal employee candidate was ultimately selected.

Therefore, because Ms. Van Eaton had not transitioned to another position, consistent with its October 6 memorandum, it separated her from employment on November 18, 2021. Ms. Van Eaton remains eligible to work at Cascadia, and Cascadia encourages her to apply to any position for which she is qualified and is not patient facing.



**F.     EEOC Guidance is Clear that Employers May Deny a Religious Accommodation that Poses an Undue Burden Such as Impacting the Safety of the Employee or Others**

The EEOC has issued helpful guidance for employers to navigate situations such as this. When considering religious accommodation requests, the EEOC's guidance states:

> If an employer demonstrates that it is unable to reasonably accommodate an employee's religious belief without an "undue hardship" on its operations, then Title VII does not require the employer to provide the accommodation.  42 U.S.C. § 2000e(j).  The Supreme Court has held that requiring an employer to bear more than a "de minimis," or a minimal, cost to accommodate an employee's religious belief is an undue hardship.  Costs to be considered include not only direct monetary costs but also the burden on the conduct of the employer's business – including, in this instance, *the risk of the spread of COVID-19 to other employees or to the public.* [What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws | U.S. Equal Employment Opportunity Commission (eeoc.gov) at https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (emphasis added)]

Dr. Dube, who has over a decade of experience in internal medicine, intensive care, health policy, and public health, reasonably determined that Cascadia could not accommodate Ms. Van Eaton's request due to the direct threat to safety of the vulnerable population Cascadia serves from someone in a position that is primarily performed in person, with patients. This decision, which was appropriate in its own right, is further bolstered by clear policy objectives behind Governor Brown's vaccination mandate for healthcare workers.

Even so, Cascadia appropriately encouraged Ms. Van Eaton to seek other positions for which she was qualified. While that did not occur during the month she was on leave, she is welcome to continue to apply for a role with Cascadia for which she is qualified and which, for now, is not patient-facing.

## II.     CONCLUSION

Under the circumstances, Cascadia acted appropriately in denying Ms. Van Eaton's religious exemption request.  Her claim that she was discriminated against based on her religion lacks merit and should be dismissed.



Annalie Greer
February 24, 2022
Page 5

If I can be of further assistance, please feel free to call me at (503) 721-2625.

Sincerely,

Dennis Westlind

DEW/ddl

cc:     Client

# EXHIBIT "C"



CASCADIA ADMINISTRATIVE SERVICES
People & Culture Department
847 NE 19th Ave., Suite 100
Portland, OR 97207
PHONE: 503.238.0769, FAX: 503.764.9059 | CASCADIABHC.ORG

September 17, 2021

Dear Kim Van Eaton,

Cascadia has received your request for exemption from Governor Brown's mandate that all employees in healthcare companies, including Cascadia, be fully vaccinated against COVID-19 on or before October 18, 2021.

Cascadia provides care to our communities most vulnerable residents and we are a safety net healthcare provider. In the course of our work, we engage with clients who are at high risk of complications or severe illness presented by the Novel Coronavirus. In consideration of the escalating global pandemic, multiple variant strains, and severe impact to the safety and health of our clients and staff, we will require the following as part of the approval for your exemption. These requirements will be in effect as of October 18, 2021.

- *Weekly testing to ensure you do not have the COVID virus. You will need to provide your results to COVIDReporting@Cascadiabhc.org prior to your first shift on the Monday of each week. If you fail to be tested and or submit the weekly results, you will not be able to work any shifts until weekly testing and results occurs. The below link can assist you in finding locations that you can be weekly tested at.

  https://www.walgreens.com/findcare/covid19/testing?ban=covid_vanity_testing

- **You will be required to be double masked at all times.

- You will be required to wear goggles at all times.

You are responsible for obtaining the COVID test through your provider or a community agency. We will accept viral and rapid testing results. *If there is a cost to your test please keep your receipt, as you will be reimbursed. You will also be required to double mask throughout your work shift. **You can remove your mask during your break time and meal period, when eating or drinking. You must remain 6 feet from clients and staff during this time.

Should you have any questions please reach out to peopleandculture@cascadiabhc.org.

Sincerely

Heather Albert
People and Culture Operations Director

# EXHIBIT "D"

Alana Silverman
Wed 10/6/2021 5:07 PM

Hello –

Cascadia continues to evaluate how to keep our clients and patients safe during this pandemic; and although we initially felt we could provide an accommodation to your requested exemption at your current worksite, we recognize the risk is too great to those we serve.  Therefore, we have determined that we will not be able to provide you an accommodation as your position is client facing/patient facing.  Please note that you will be unable to continue as a  **Program Manager in our Wellness Center** as of October 18th.

That being said, we encourage you to reevaluate your exemption and consider receiving the COVID 19 vaccine.  Our Chief Medical Officer, Dr. Bukhosi Dube, is happy to answer any questions you may have regarding the vaccine.   Dr. Dube's email is bukhosi.dube@cascadiabhc.org

Following the 18th of October you will be placed on an unpaid leave to allow you to apply for any positions you qualify for and find of interest, and are not client facing. You can access job openings through your Paycom Self Service account.  Please reach out to peopleandculture@cacadiabhc.org if you have any questions regarding a position on our job board.    If by November 18, 2021, you have not secured another position within Cascadia we will separate your employment.

Should you have any questions please feel free to reach out.

Thank You.


Alana J. Silverman
Chief People Officer
Cascadia Behavioral Healthcare

*I am working remotely at this time.  The best way to reach me is via email,* alana.silverman@cascadiabhc.org

# EXHIBIT "E"

# Separation November 18, 2021

**Heather Albert** <heather.albert@cascadiabhc.org>    Mon, Nov 15, 2021, 2:50 PM

to Kim, KIMMARIE0829@GMAIL.COM, People

Hi Kim,

As you are aware, as of Monday October 18, 2021, all employees were required to have received a COVID 19 vaccination per Governor Brown's order.  Based on your request for a religious exemption, Cascadia provided you 30 days to apply for other job opportunities within Cascadia that did not provide direct client care or direct interaction with vendors, contractors, etc.  Since you have not secured another position with Cascadia and you have decided not to receive the vaccine, we will need to move forward with your separation as of Thursday November 18, 2021.  We will be mailing to your home address any monies owed to you through November 18, 2021.  On Thursday you will be assigned a separation checklist in Paycom as a separated employee.  You will receive an email to your personal email address on how to login to Paycom as a separated employee to complete.  If you have any benefits (except Flex Spending accounts) with Cascadia, those will end on 11/31/2021.  Flex Spending accounts will end on 11/18/2021.

Should you have any questions, please let me know.

Thank you,

**Heather Albert**
**People & Culture Operations Director**
**503-412-6422**

# EXHIBIT "F"

First one submitted on September 13th, 2021

Resubmitting to appeal November 17th, 2021

My name is Kim Van Eaton and I am requesting an exception from the COVID-19 vaccination based on my sincerely held religious belief.

My Religious beliefs come from the Holy Bible and the leading of the Holy Spirit. According to scripture it says to "Trust in the LORD with all your heart and lean not on your own understanding; In all your ways acknowledge Him, And He shall direct your paths (Proverbs 3:5-6).

Through prayer I seek personal guidance from the Holy Spirit, "But the Helper, the Holy Spirit, whom the Father will send in My name, He will teach you all things, and bring to your remembrance all things that I said to you (John 14:26).

Based on that guidance I am reminded, "Do you not know that your body is a temple of the Holy Spirit, who is in you, whom you have received from God? You are not your own; you were bought at a price. Therefore, honor God with your bodies. (1 Corinthians 6:19-20).

This is my daily religious practice to guide me in making decisions. I trust those insights given to me because they are from God. This is my spiritual act of worship. I am honoring God with my body in this decision. By not doing so, I believe I am sinning against God and will suffer the consequence of being disobedient to His guidance.

Therefore, I am confident that all the COVID-19 vaccines are not right for me, and my body based on my religious conviction before God.

I am requesting as a reasonable accommodation that I would be allowed to work remotely or negotiate an accommodation that would be agreeable to me and my employer. I am requesting that my employer respect and honor my sincerely held personal beliefs free of retaliation and discrimination. I request complete confidentiality regarding my decision, so that I am not segregated or treated differently.

I appreciate you giving me the opportunity to express my sincerely held personal religious convictions and belief, without discrimination in accordance with Title VII of the Civil Rights Act and guaranteed in the First Amendment of our US Constitution.

Kind Regards,

Kim Van Eaton

# EXHIBIT "G"

**Bukhosi Dube <bukhosi.dube@cascadiabhc.org>**

Dec 7, 2021,
11:00 AM

to me, Kari

December 2, 2021

Kimberly Van Eaton
8844 SE Casablanca Court
Clackamas, OR 97015
kimmarie0829@gmail.com

*Sent via mail & email*

Dear Kimberly,

I have received your Dispute Resolution signed and dated November 17, 2021 regarding your request for a religious exemption from Governor Brown's mandate that all employees in healthcare companies, including Cascadia, be fully vaccinated against Covid-19 on or before October 18, 2021. If there are additional components or if I have misstated your request, please let me know to amend this dispute.

Based on the information gathered and reviewing your concerns, Cascadia is unable to grant an exemption for your specific position, Program Manager in our Wellness Center, due to it being client/patient facing. This decision was made because we provide care to our communities most vulnerable residents and we are a safety net healthcare provider. Our clients are at great risk for medical complications and severe illness presented by the Novel Coronavirus. After careful review of the safety and health of our clients it is too great a risk to allow an employee to engage with clients if they have not been fully vaccinated.

However, we may be able to grant an exemption for positions that are not client/patient facing. We encourage you to continue to look for and apply for open positions at Cascadia that may allow for an exemption and if you choose to become fully vaccinated please know that you can apply for all open positions. As outlined in Cascadia's Personnel Policies 1.6.0, Step 5 the decision of the CEO, or designee, is final and binding. Although this was not the outcome that you were hoping for we do appreciate your participation in Cascadia's dispute process.

Sincerely,

Bukhosi Dube
Chief Medical and Health Integration Officer

cc: People & Culture

**BUKHOSI DUBE, MD**
Chief Medical Officer

cascadiabhc.org

# EXHIBIT "H"

April 10, 2022

RE: Rebuttal to Respondent's Position Statement

Charging Party: Kim M. Van Eaton

Respondent: Cascadia Behavioral Healthcare

Charge Number: EEOC 551-2022-01417

This rebuttal is submitted on behalf of myself, Kim Van Eaton as a formal response to Cascadia Behavioral HealthCare's Position Statement. Corresponding to the above reference Charge filed by myself, Kim Van Eaton for discrimination based on religion. The responses below will indicate that Cascadia Behavioral Healthcare did knowingly disregard my sincerely held religious belief.

**In Section D, Cascadia wrote:** On September 13, 2021, Ms. Van Eaton Requested a Religious Exemption to the Covid-19 Vaccination Mandate but Cascadia's New Chief medical Officer Determined Unvaccinated Employees in Patient Facing Position Pose Too Great a Risk to Cascadia's Vulnerable Patient Population.

**My Response is:** On September 17th, 2021 Kim Van Eaton received an email letter (Exhibit 1) signed by Heather Albert the People and Culture Operations director, approving my religious exemption with a list of requirements that will be in effect as of October 18th, 2021. After several email correspondences with Heather Albert clarifying the requirements so that I would be fully prepared to equip myself to follow the requested procedures. Then on Oct 6th, 2021 Kim Van Eaton received an email (Exhibit 2) stating that Cascadia will not be able to accommodate my requested exemption because my position is client facing. This must have been when New Chief Medical Officer began his role and made the decision to disregard the previous approval. Therefore, my exemption was accepted.

**Section D Cascadia wrote:** At the time of Ms. Van Eaton's request, Cascadia was in the process of hiring a new Chief Medical Officer, Dr. Bukhosi Dube. Once settled into his new role, Dr. Dube determined that all client/patient facing positions needed to be fully vaccinated - regardless of exemption request….

**My Response:** The fact is the exemption was approved on September 17, 2021. The approved exemption was disregarded and not even mentioned in the position statement.  Then on October 6, Kim Van Eaton was told the exemption would not be accommodated.  Imagine the anxiety and stress this caused me.

It was then mentioned in the unapproved exemption email (Exhibit 2) that I was to reevaluate my exemption and consider receiving the COVID-19 vaccine. Asking me to reevaluate my exemption contradicts the statement that Cascadia wrote in section D "Cascadia did not question or otherwise doubt the sincerity of Ms. Van Eaton's religious convictions".

That question dismisses my sincerely held religious belief. Cascadia was asking me to do something that goes against my religious conviction before God and to do so would violate my belief. I did do what Cascadia encouraged me to do and spent more time in prayer, reading the Holy Bible and quiet alone time with God. My conviction was still the same. That the COVID vaccines where not right for me.

**Section D Cascadia wrote:** an unvaccinated employee may pose a direct threat to a vulnerable client.

**My response:** Being unvaccinated is not proof that there is a threat. I am asking Cascadia for proof that an unvaccinated individual would contract the COVID-19 virus. Proof that unvaccinated people are more of a threat than vaccinated since there is documented evidence (breakthrough cases) that vaccinated individuals have contracted the COVID-19 virus therefore infecting others as well. Cascadia did not consider this as impacting the safety of employees or others.

**Section E Cascadia wrote:** On October 6, 2021, Cascadia denied Ms. Van Eaton's religious exemption but invited her to apply for non-client facing positions.

**My response:** On October 6, 2021, and thereafter until November 18th Kim Van Eaton pursued looking for Cascadia jobs that were non client facing. During that time, the non-client facing positions were limited to just three as stated in (Exhibit 3) via email from John Renner the Recruiting manager. None of which I qualified for making it virtually impossible for me to find another position.

**Section E Cascadia wrote:** Mrs. Silverman explained that Ms. Van Eaton's request for a religious accommodation cannot be granted for her specific position because it is client/patient facing.

**My Response:** Cascadia had a policy in place that did not allow my position to see clients in person. The facility I worked at was not allowed to have in person groups or in person meetings with clients or patients. Groups and meetings with clients were done over the phone or virtually. With that said, I was not seeing clients or patients in person.

**Section F Cascadia wrote:** Cascadia serves from someone in a position that is primarily performed in person, with patients.

**My response:** Again, during this time I was not seeing clients in person. I was not a medical professional therefore I did not see patients. The Program Manager position I was in served individuals with mental health and addiction challenges. I did not work with individuals seeking medical services.

**Conclusion**

Please consider all the information provided above that Cascadia was obligated to honor and follow through with the approved exemption but did not consider it. Therefore, Cascadia did discriminate against me Kim Van Eaton regarding my sincerely held religious beliefs.

# EXHIBIT "I"

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Seattle Field Office**
909 First Avenue, Suite 400
Seattle, WA 98104
(206) 576-3000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/12/2022

**To:** Kim M. Van Eaton
8844 SE Casablanca Court
CLACKAMAS, OR 97015
Charge No: 551-2022-01417

EEOC Representative and email:    Melanie Carter
Investigator
melanie.carter@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 551-2022-01417.

On behalf of the Commission,

_for_                                          09/12/2022

Elizabeth Cannon                            Date
Director

**Cc: Cascadia Behavioral Health**
Attn: Dennis Westlind
200 Market Street, Suite 1900
Portland, OR 97201

Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm. In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests. Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 551-2022-01417 to the District Director at Nancy Sienko, 450 Golden Gate Avenue 5 West PO Box 36025, San Francisco, CA 94102.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login. You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC. For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

# EXHIBIT "J"

# Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years.

Count Days     **Add Days**     Workdays     Add Workdays     Weekday     Week №

From **Monday, September 12, 2022**
Added 90 days

## Result: Sunday, December 11, 2022

### Calendar showing period from September 12, 2022 to December 11, 2022

| September 2022 | | | | | | |
|---|---|---|---|---|---|---|
| 18 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sa |
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

| October 2022 | | | | | | |
|---|---|---|---|---|---|---|
| 31 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sa |
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

| November 2022 | | | | | | |
|---|---|---|---|---|---|---|
| 30 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sa |
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | | | |

| December 2022 | | | | | | |
|---|---|---|---|---|---|---|
| 11 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

☐ = Start date (Sep 12, 2022)    ☐ = Final result date (Dec 11, 2022)



**Time & Date Calculator App for iOS**

See how long remains before a deadline or exactly when those 30 days are up.

Advertising     AdChoices

Explore
Offers for You

Citi Mobile® App
this holiday
season.

Log In Now




© Time and Date AS 1995–2022